IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY J. CONTE, III, et al. | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | |
| | : | NO.  14-6788 |
| | : | |
| MORTGAGE ELECTRONIC | : | |
| REGSTRATION SYSTEMS, et al. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                **March 27, 2015**

      Plaintiffs seek to quiet title to 703 South Second Street, Philadelphia, Pennsylvania 19147 (the "Property") claiming breaches of fiduciary duty (Count I), false and misleading representations (Count II); false representation and deceptive means to collect or attempt to collect debt (Count III); and declaratory judgment and a permanent injunction against all Defendants (Count IV).[1]  As this Court lacks subject matter jurisdiction, we grant the motion to dismiss of Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Bank of New York Mellon ("BNY Mellon"), as Trustee for the Holders of the GE-WMC Asset-Backed Pass-Through Certificates, Series 2005-2 (together, the "Trust"), and Ocwen Financial Corp. ("Ocwen") (collectively, "Moving Defendants"). [2]

---

[1] Plaintiffs' *pro se* Complaint is understandably not a model of clarity.  Count II is captioned "False and misleading representations."  Plaintiffs cite to the Pennsylvania Fair Debt Collection Practices Act ("FDCPA") multiple times in Count II and we will interpret that count to be brought pursuant to the FDCPA.  Count III is less clear.  However, Count III alleges that Moving Defendants used "deceptive means" in an attempt to collect a debt (i.e. the mortgage balance).  We will thus consider Count III as asserting a cause of action pursuant to the FDCPA as well.

[2] On February 3, 2015, this Court issued a Show Cause Order (ECF Doc. No. 8) requiring Plaintiffs to file their opposition to the instant motion no later than February 17, 2015 or be subject to dismissal for lack of prosecution.  Plaintiffs elected to not respond.  Since Plaintiffs

I.      **Facts plausibly alleged in the Complaint.**

On October 12, 2005, Conte signed a mortgage on the Property in favor of MERS, as nominee for WMC Mortgage Corporation ("WMC"). (ECF Doc. No. 1, Compl., ¶¶ 13-14.) Conte then agreed to a loan modification on April 25, 2008, recorded on January 29, 2009. (*Id.* ¶ 15.) On July 16, 2010, MERS recorded an assignment of the Property's mortgage to BNY Mellon. (*Id.* ¶ 16.) Conte alleges that this July 2010 assignment did not mention the April 2008 loan modification. (*Id.*) On February 19, 2013, Conte sent BNY Mellon a "Request Regarding Statement of Account." (*Id.* ¶ 17.) Conte also sent BNY Mellon a "Notice to Record Mortgage Satisfaction Piece to Avoid Penalty" on February 19, 2013. (*Id.* ¶ 18.) BNY Mellon did not respond to Conte's requests. (*Id.* 19.)

On July 8, 2010, BNY Mellon filed suit in the Philadelphia Court of Common Pleas to foreclose on the Property.[3] (ECF Doc. No. 3-8, State Ct. Docket, 8.) The court entered a default judgment against Plaintiff Conte on September 2, 2010. (*Id.* at 10.) After postponing the sale of the Property multiple times, Conte filed a petition to open the default judgment. (*Id.* at 17.) The court denied Conte's petition on September 24, 2013. (*Id.* at 18.) On November 28, 2014, Plaintiffs commenced this action.

---

failed to file a response, it is within our discretion to grant the motion as uncontested. *See* Local Civil Rule 7.1(c). Nonetheless, we consider the merits of the motion. *See Harper v. Franklin & Marshall Coll.*, Civ. A. No. 10-2647, 2011 WL 1226123, at *1 (E.D. Pa. Mar. 30, 2011); *Boulmetis v. Phila. Park Casino & Racetrack*, Civ. A. No. 08-4227, 2008 WL 4566891, at *1 n.1 (E.D. Pa. Oct. 10, 2008).

[3] The Court takes judicial notice of the state court docket attached to Moving Defendants' Motion to Dismiss. *See Schafer v. Decision One Mortg. Corp.*, No. 08-5653, 2009 WL 1532048, at *3 (E.D. Pa. May 29, 2009) ("[A] court may take judicial notice of the record from a state court proceeding and consider it on a motion to dismiss.")

**II.     Analysis**

When considering Moving Defendants' motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), Plaintiffs bear the burden of persuading the Court that subject matter jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3d Cir.1991). We "may not presume the truthfulness of plaintiff's allegations, but rather must evaluate for itself the merits of the jurisdictional claims." *Hedges v. United States,* 404 F.3d 744, 750 (3d Cir.2005) (internal quotation marks and alteration marks omitted).

Plaintiffs plead little factual background other than Conte signed a mortgage that was subsequently modified and assigned.  (ECF Doc. No. 1, Compl., ¶¶ 13-16.)  Plaintiffs seek to compel Defendants to "file, record, cancel, surrender or satisfy record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in [the Property]." (*Id.* at 4-5.)  While it is difficult to understand exactly what relief the *pro se* Plaintiffs are requesting, the Court understands the Complaint as challenging the validity of the mortgage assignment in each count.

Moving Defendants argue that Plaintiffs' Complaint, styled as an Action to Quiet Title, should be dismissed because the claims are barred under the *Rooker-Feldman* doctrine, as well as *res judicata*.  First, under the *Rooker-Feldman* doctrine, Plaintiffs' claims are barred because granting the relief requested would necessarily require a finding that the state court's entry of judgment in the foreclosure proceedings was erroneous. (ECF Doc. No. 3-2, Defs.' Mem., 15-18.)  Second, Moving Defendants argue that even if the *Rooker-Feldman* doctrine does not bar Plaintiffs' claims, *res judicata* prevents Plaintiffs from asserting claims that were actually litigated or could have been litigated in the state court foreclosure proceeding.  (*Id.* at 18-19.)

### A.     The *Rooker-Feldman* doctrine

"The *Rooker-Feldman* doctrine bars a federal court from entertaining 'cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' " *Stephens v. Zucker, Goldberg & Ackerman*, Civ. A. No. 14-2483, 2014 WL 4744550, at *2 (E.D. Pa. Sept. 24, 2014) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L. Ed. 2d 454 (2005)).  A plaintiff may not "seek relief that requires a predicate finding that the state court's action resulting in the entry of a judgment was wrongfully entered." *Sherk v. Countrywide Home Loans, Inc.*, No. 08-5969, 2009 WL 2412750, at *6 (Aug. 5, 2009).  To meet *Rooker-Feldman*, a plaintiff must show: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir.2010).  "The factors that typically drive the inquiry are two and four, the substantive ones." *Sherk*, 2009 WL 24112750, at *2.  On multiple occasions, our Court of Appeals has held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that invalidates a state court foreclosure decision.  *See, e.g., Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Indiana*, 471 F. App'x 101, 105 (3d Cir. 2012); *Laychock v. Wells Fargo Home Mortg.*, 399 F. App'x 716 (3d Cir. 2010); *Easley v. New Century Mortg. Corp.*, 394 F. App'x 946 (3d Cir. 2010); *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F. App'x 149, 152 (3d Cir.2008).

> **i.    Breach of fiduciary duty (Count I) is barred by the Rooker-Feldman doctrine.**

Plaintiffs' breach of fiduciary duty claim (Count I) is barred by the *Rooker-Feldman* doctrine as it directly challenges the validity of the state court's foreclosure judgment and complains of injuries caused by the state court foreclosure.  The breach of fiduciary duty claim alleges that Defendants failed to secure the proper endorsements before assigning the mortgage. (ECF Doc. No. 1, Compl., ¶ 26.)  This allegedly puts a "cloud of [sic] the property title." (*Id.* ¶ 28.)  Further, Plaintiffs allege that the failure to secure the proper endorsements results in only a "partial interest" for Defendants and this "partial interest" should not be used by Defendants to "gain an advantage." (*Id.* ¶¶ 26, 31-32.)  While Plaintiffs do not expand on the advantage Defendants gained, this Court interprets that phrase to mean the obtaining of a foreclosure.

As the Court liberally reads Count I, Plaintiffs challenge the validity of the assignment to BNY Mellon arguing that BNY Mellon improperly foreclosed on the Property.  It is evident that Plaintiffs are complaining about the injuries caused by the state court's judgment.  The state court judgment resulted in Moving Defendants gaining an "advantage", which Plaintiffs now contest.  Further, a finding that BNY Mellon did not have a proper interest in the mortgage through a valid assignment would be tantamount to a reversal of the state court's foreclosure decision.  *See Sherk*, 2009 WL 24112750, at *6 ("Whether [defendants] had the legal right to foreclose on the mortgage loan has been determined in state court and cannot be reconsidered by a federal court.").  As such, Plaintiffs' breach of fiduciary duty claim in Count I is barred by the *Rooker-Feldman* doctrine.

> **ii.    Plaintiffs' FDCPA claims (Counts II and III) are barred by the Rooker-Feldman doctrine.**

Counts II and III are barred by the *Rooker-Feldman doctrine*. We find the analysis in *Sherk* to be instructive. In *Sherk*, the plaintiffs' property was foreclosed and sold at Sheriff's sale. 2009 WL 2412750, at *4. In a subsequent federal lawsuit, plaintiffs alleged, among other things, violations of the FDCPA. *Id.* at *1. At oral argument, plaintiffs' counsel conceded that "the entire basis for the FDCPA cause of action rests on the [plaintiffs'] contention that the assignment of the mortgage was invalid." *Id.* at *6. The court found that to the extent the plaintiffs were arguing that the state court judgment was entered "erroneously" due to invalidity of the assignment, the claim was barred by the *Rooker-Feldman* doctrine. *Id.*

Here, Plaintiffs allege in Count II that there was a separation of the "interest of the note and mortgage which makes the character of the mortgage null." (ECF Doc. No. 1, Compl., ¶ 35.) Since the note and mortgage are "separated", the mortgage is "unsecured." (*Id.* ¶ 36.) Plaintiffs argue that because of this separation, the assignment of the mortgage was only partial and this makes BNY Mellon's alleged statements regarding the character of the debt unlawful. (*Id.* ¶ 38.) Similarly, Count III argues that BNY Mellon "represents that they have creditor status by way of an assignment" but that this assignment may be invalid because it does not mention the modification. (*Id.* ¶ 42-44.)

Similar to the FDCPA claims in *Sherk*, the gravamen of Plaintiffs' claims is that the assignment to BNY Mellon, or the Trust, was invalid and therefore these parties had no legal right to collect the mortgage debt, or ultimately foreclose on the property. However, [a] mortgage foreclosure [ ] depends 'upon the existence of a valid mortgage.' " *Laychock*, 2008 WL 2890962, at *3 (citing *In re Randall*, 358 B.R. 145, 158 (Bankr. E.D. Pa. 2006)). Plaintiffs cannot transform their action into one under the FDCPA and avoid the fact that they are complaining of an injury caused by the state court's foreclosure judgment. *See Hua v. U.S. Bank*

*Nat. Ass'n*, No. 14-6767, 2015 WL 1071606, at *3 (E.D. Pa. Mar. 11, 2015).  Granting Plaintiffs their requested relief will result in a finding that the state court erred in its entry of judgment. *Stephens*, 2014 WL 4744550, at *3 (dismissing claim where plaintiff challenged validity of mortgage assignment because granting relief would "reject the state court judgment"); *Hua,* 2015 WL 1071606, at *3 (dismissing FDCPA claim pursuant to *Rooker-Feldman* as it challenged the validity of mortgage).  The *Rooker-Feldman* doctrine bars these claims as well.

### iii. Plaintiffs' request for injunctive relief (Count IV) is barred by the *Rooker-Feldman* doctrine.

Count IV for injunctive relief is also barred by *Rooker-Feldman*.  In Count IV, Plaintiffs seek "clarification about the of the [sic] apparent defects in the partial mortgage assignment on the record."  (ECF Doc. No. 1, Compl., ¶ 49.)  Plaintiffs assert that a declaration is necessary because "the chain of title for [the Property] may be fraudulent without a proper chain of recorded assignments."  (*Id.* ¶ 50.)  It is apparent from this request, that Plaintiffs are askingthis Court to declare BNY Mellon's assignment invalid, and overturn the foreclosure proceeding by providing Plaintiffs clear title to the property.  In fact, Plaintiffs' request for relief asks the Court to "quiet title" in favor of Conte.  (*Id.* ¶ 52.)  This makes it "abundantly clear that [plaintiff] seeks to overturn the foreclosure judgment."  *Gage*, 521 F. App'x at 50 (finding claim barred by the *Rooker-Feldman* doctrine where plaintiff sought to have deed restored to him).  Granting such relief would necessarily require a complete review and rejection of the state court's entry of judgment.  Count IV is barred by the *Rooker-Feldman* doctrine.

### B. *Res Judicata*

We also find that *res judicata* bars Plaintiffs' claims.  *Res judicata* provides that "a federal court must give a state court judgment the same preclusive effect that the state court would give it."  *Sherk*, 2009 WL 2412750, at *6 (citing *Lance v. Dennis*, 546 U.S. 459, 466, 126

S.Ct. 1198, 163 L.Ed.2d 1059 (2006) and *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006)). "Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action." *Balent v. City of Wilkes-Barre*, 542 Pa. 555, 669 A.2d 309, 313 (Pa. 1995) (citation omitted). *Res judicata* "applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action." *Id.* A claim challenging a party's conduct that occurred prior to the state court entering judgment in a foreclosure proceeding may not be barred by the *Rooker-Feldman* doctrine but instead is subject to the principles of preclusion under *res judicata*. *See Hua*, 2015 WL 1071606, at *3 (observing that if the source of the injury is defendant's actions "[t]he federal suit is an independent claim that is not barred by the *Rooker-Feldman* doctrine, and is, instead, subject to state law principles of preclusion." (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293, 125 S.Ct. 1517, L.Ed.2d 454 (2005)).

Again, *Sherk* is instructive. In addition to addressing the *Rooker-Feldman* doctrine, the court found that to the extent the plaintiffs were arguing that they were injured by the defendants' conduct prior to the entry of judgment, *res judicata* barred the claims because they could have been litigated in the state court proceeding. *Sherk*, 2009 WL 2412750, at *6; *see also Laychock*, 399 F. App'x at 718-19 (finding *res judicata* bars defenses raised in petition to open, as well as defenses that the party " 'might have, but did not raise.' " (quoting *Riverside Memorial Mausoleum, Inc. v. UMET Trust*, 581 F.2d 62, 66-67 (3d Cir. 1978))).

Plaintiffs seek relief for Moving Defendants' conduct prior to the state court's entry of judgment. In Count I, Plaintiffs allege that Moving Defendants' breached a fiduciary duty owed to Plaintiffs by not securing proper endorsements with regard to the assignment of the mortgage.

8

(ECF Doc. No. 1, Compl., ¶ 26.) In Counts II and III, Plaintiffs challenge the validity of the assignment to BNY Mellon and allege that they were injured by BNY Mellon's conduct in attempting to collect on the debt. (*Id.* ¶¶ 34-40, 42-45.) Finally in Count IV, Plaintiffs wish to have the assignment declared invalid and enjoin Defendants from collecting on the mortgage. (*Id.* ¶¶ 47-52.)

The conduct Plaintiffs complain of occurred prior to the state court foreclosure proceeding. The time and place to challenge the Defendants' conduct was in the state court proceedings, including an appeal to the proper Pennsylvania appellate court. Because Plaintiffs chose not to bring these direct causes of action challenging Defendants' conduct in state court they cannot now bring them in federal court. *Moncrief*, 275 F. App'x at 153 (dismissing claim pursuant to *res judicata* where plaintiff could have brought challenge to bank's standing during the foreclosure action); *Laychock*, 2008 WL 2890962, at *2 (dismissing complaint pursuant to the *Rooker-Feldman* doctrine and *res judicata*).

Further, Plaintiffs did challenge the validity of the assignment in a petition to open the default judgment. (ECF Doc. No. 3, Def.'s Mot., Ex. D.) The state court rejected the arguments made in the petition. (*Id.* at Ex. F, 18.) Therefore, Plaintiffs' arguments regarding the validity of the mortgage assignment have already been decided by the state court and cannot be brought again here in federal court.

### III. CONCLUSION

As we find that all of Plaintiffs' claims are barred by either the *Rooker-Feldman* doctrine or *res judicata*, we dismiss the Complaint with prejudice as this Court lacks subject matter jurisdiction.